**DALE WASHINGTON SBN 169008**
1110 N. Virgil Ave #90094
Los Angeles, CA 90027
714 242 3868 fax 714 242 3869
washington.dale@gmail.com

Attorney for Plaintiff PLAINTIFF TTM International, Inc

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAINTIFF TTM International, Inc ) | CASE NO. 8:24-cv-01642-JWH (AJR) |
| ) | [Hon. John W. Holcomb] |
| Plaintiff, ) | |
| ) | DECLARATION OF DALE |
| v.  ) | WASHINGTON ISO OPPOSITION |
| ) | TO MOTION TO DISMISS |
| ) | |
| KIM SENG COMPANY, a California ) | |
| corporation, ) | Date: 12/6/2024 |
| ) | Time: 9:00 a.m. |
| Defendants. ) | |
| ) | Filed:8/7/2024 |
| ) | Sched. Conf 12/6/2024 |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS:

Plaintiff TTM International, Inc respectfully submits the following

Memorandum of Points and Authorities in opposition to the motion to dismiss

for lack of standing and failure to state a cause of action, filed by

defendant KIM SENG, "MOVANT." As an initial point, related case SUN LEE

counsel provided  PLAINTIFF *Blumenthal Distrib., Inc. v. Herman Miller,*

*Inc.*, 963 F.3d 859, 870 (9th Cir. 2020) – a case in point on the "famous" issue.

PLAINTIFF'S marks would be considered "**niche fame**" as the Lá Bồ Đề mark

enjoys in its Asian food channel - thus is not "Famous" per and ***agrees to
withdraw the 6th Cause of Action (infra).***

## I. INTRODUCTION:

PLAINTIFF TTM pleads ownership of all rights in the multi-leaf Lá Bồ Đề
mark by assignment 1st Amended Complaint "1AC" ¶2, 18 and in the single
leaf Lá Bồ Đề mark by purchase of all products, assets, and trademark along
with assignment of rights of action against infringers 1AC ¶3, 17.  TTM
includes its hand drawn ancient art from the 1960's (image 1AC ¶2) for the
multi-leaves mark, which closely tracks the registered mark.  Binh Tay was
using the mark in USA distribution as early as 1975 (1AC ¶16).  The single
leaf of the same species with the name Lá Bồ Đề came with the MSJ purchase,
registered far earlier and used with the soy sauces for Asian foods.

TTM pleads jurisdiction and venue 1AC ¶12 & 13 with Movant located in
Los Angeles and marketed, distributed, offered for sale, and/or sold the
Infringing Food to persons within the State of California, and that TTM has
spent work and money promoting the Lá Bồ Đề Marks (1AC ¶20) engaged in
Corporate Social Responsibility (1AC ¶21) enabling it to expand outside the
ethnic Vietnamese market and serve Chinese, Korean, Filipino and
Cambodian channels, all of whom recognize and understand that the
Distinctive Lá Bồ Đề Marks distinguishes and identifies TTM products for its
CSR leadership and quality food (1AC ¶24) efforts which have enabled TTM to

have higher prices and more volume[1] (1AC ¶27).  TTM pleads MOVANT and TTM are in overlapping channels of trade (1AC 29) and intentionally copied its marks knowing it would mislead consumers, crushing (single-leaf Lá Bồ Đề) MSJ and damaging TTM's goodwill (1AC ¶30).  PLAINTIFF pleads Federal Infringement (1st Cause of Action "COA"), Unfair Competition (2nd COA), Federal Dilution (3rd COA), Unfair and Deceptive Trade Practices (4th COA), Common Law Trademark Infringement and Unfair Competition (5th COA), state Dilution and Injury to Business Reputation (6th COA), and prays for injunction, costs of suit and damages.

KIM SENG "MOVANT" moves to dismiss for 1) lack of standing, 20 "Obvious dissimilarity," "lack of famousness," lack of common law rights in 14 states, lack of Common Law trademark infringement, and "shotgun pleading" – focused on the 6th cause of action which alleged dilution within a number of states.  Movant also asserts argument in a mediation brief when the two marks were adversaries has some preclusive effect here.  As explained in the Declaration of Washington, that case settled by payment over the MSJ mark, and "stay in your lane" agreement where Binh Tay stayed with rice noodle products and MSJ soy sauces.  Thus KIM SENG is welcome to try its luck following the prior mediation advocacy but it is a type of estoppel argument – inherently factual, also counsel researched the issue and learned the advocacy

---

[1] TTM has grown Lá Bồ Đề volume from thousands to millions, but not yet "tens of millions."

was incorrect as the sacred fig tree is indeed a mulberry tree thus the MSJ application was true.

## II.  PLAINTIFF AGREES TO WITHDRAW THE 6TH CAUSE OF ACTION FOR DILUTION:

SUN LEE's Counsel provided the *Blumenthal Distrib., Inc. v. Herman Miller, Inc.*, 963 F.3d 859, 870 (9th Cir. 2020) as part of that case's meet and confer. To be famous, a mark must be more than just distinctive. *ACI, Inc. v. Addidas-Salomon, AG*, 359 F. Supp. 2d 918, 922 (C.D. Cal. 2005). Trademark dilution claims are reserved for only the ___**most select class**___ of marks. *Perfumebay.com v. eBay, Inc.*, 506 F.3d 1165, 1179-80 (9th Cir. 2007) Federal standards which also control under state law – making it clear niche fame is not actionable under dilution because the marks at-issue enjoy fame within the Vietnamese and Southeast Asian food markets - a niche under *Blumenthal*.

Accordingly PLAINTIFF **withdraws the 6ᵗʰ cause of action**.

## III. THE MOTION TO DISMISS SHOULD BE DENIED BECAUSE PLAINTIFF HAS SUFFICIENTLY PLED ALL FACTS NECESSARY UNDER THE FEDERAL RULES

A)  The Federal Rules require only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

The Rule 8 standard contains "a powerful presumption against rejecting pleadings for failure to state a claim." *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997) citing *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 386 (5th Cir. 1985); see also *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986). A complaint is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 554 (2007). Under *Twombley*, detailed factual allegations are generally not required; all that is required is that the facts alleged state a claim for relief that is plausible on its face. *Id.* at 570-72.

Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Gilligan*, 108 F.3d at 249; United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981) (stating that dismissal is proper only in "extraordinary" cases). In deciding such motions, the Court must "take all of the allegations of material fact stated in the complaint as true and construe them in the light most favorable to the nonmoving party." Rodriguez v. Panayiotou, 314 F.3d 979, 983 (9th Cir. 2002); Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). "In reviewing the sufficiency of a complaint, '[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Gilligan, 108 F.3d at 249 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). A plaintiff need not allege everything that he or she must eventually prove. Atchinson v. District of Columbia, 73 F.3d 418, 421-22 (D.C. Cir. 1996).

In testing the sufficiency of a complaint as against a motion to dismiss for

failure to state a cause of action, the Court should deem the allegations in the

complaint, as well as reasonable inferences raised therein, as admitted. *In re*

*Colonial Mortgage Bankers Corp., 324 F.3d 12, 15–16 (1st Cir. 2003)* (when

ruling on a motion to dismiss for failure to state a claim upon which relief can

be granted, all well-pled allegations are accepted as true and all reasonable

inferences should be construed in favor of the non-moving party); <u>*Kessler v.*</u>

<u>*Monsour, 865 F. Supp. 234, 236, 95 Ed. Law Rep. 221 (M.D. Pa. 1994)*</u> (motion

to dismiss for failure to state a claim upon which relief can be granted is used

to test the legal sufficiency of a complaint, while assuming the truth of the

well-pled factual allegations in it). Moreover, if the complaint states facts

constituting a cause of action entitling plaintiff to any relief, the motion to

dismiss should be denied. *Youse v. Carlucci, 867 F. Supp. 317, 318 (E.D. Pa.*

*1994)* ("A complaint is properly dismissed only if it appears certain that the

plaintiff cannot prove any set of facts in support of its claim which would

entitle it to relief.").

B. TTM Has Properly Pled Its First Claim for Relief

The Ninth Circuit has often reaffirmed the validity of the eight-factor test

from *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), *abrogated in*

*part on other grounds by Mattel, Inc., v. Walking Mountain Prods.*, 353 F.3d 792 (9th

Cir. 2003). "Sleekcraft Test" is an 8 factor, fact-specific test which is used to evaluate

infringement – and defeats all but the most obvious of dissimilarity cases, not at-issue herein.

To state a claim for trademark infringement and unfair competition under Section 43(a) of the Lanham Act, a plaintiff must plead that (1) it has a protected interest in the mark and (2) that the defendant's use of the same or similar mark is likely to cause consumer confusion.  15 U.S.C. § 1125(a)(1)(A); *Levi Strauss & Co v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985); *Dep't of Parks & Rec. v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006); see also *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1226, n. 5 (9th Cir. 2008)(citing *Donchez v. Coors Brewing Co.*, 392 F. 3d 1211, 1219 (10th Cir. 2004) (also providing that the elements of trademark infringement are similar to those required to prove unfair competition under Section 43(a) of the Lanham Act).

The time from 1975 TTM "used in USA distribution as early as 1975" (1AC ¶16)  to registration in 2014 is also sufficient to establish standing under the Lanham Act Registration of the mark is not a prerequisite for protection under the Lanham Act. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992) (emphasis added); *Kendall-Jackson Winery, Ltd v. E. & J. Gallo Winery*, 150 F.3d 1042, 1047 n. 7 (9th Cir. 1998).  Also see, *Halicki Films*, 547 F.3d at 1226 (providing that it is not enough to have registered the mark first, but rather the party claiming ownership must have been the first to actually use the mark in the sale of goods or services).

Here, TTM's factual allegations are sufficient to state a claim for relief under Section 43(a) of the Lanham Act.  PLAINTIFF TTM alleges jurisdiction and venue 1AC ¶12 & 13 with Movant located in Los Angeles from where it marketed, distributed, offered for sale, and/or sold the Infringing Food to persons within the State of California.  TTM alleges ownership of all rights in the multi-leaf Lá Bồ Đề mark by assignment 1AC ¶2, 18 and in the single leaf Lá Bồ Đề mark by purchase of all products, assets, and trademark along with assignment of rights of action against infringers 1AC ¶3, 17, a mark first used in the 1990's.

TTM includes its ancient art 1AC ¶2 and registered mark – which it used in USA distribution as early as 1975 (1AC ¶16).  The copying is also clear as MOVANT's labels include a color photocopy on movant's labels including the number & shape of leaves and veins 1AC ¶4 which it tried and failed to register its color photocopy in 1AC ¶5, 19.

TTM is damaged, having spent work and money promoting the Lá Bồ Đề Marks (1AC ¶20) engaging in Corporate Social Responsibility (1AC ¶21) and golf sponsorships, and has expanded outside the ethnic Vietnamese market and serve Chinese, Korean, Filipino and Cambodian channels, all of whom recognize and understand that the Distinctive Lá Bồ Đề Marks distinguishes and identifies TTM products for its CSR leadership and quality food (1AC ¶24) efforts which have enabled TTM to have higher prices and more volume (1AC ¶27).

TTM pleads MOVANT and TTM are in overlapping channels of trade (1AC ¶29) and intentionally copied its marks knowing it would mislead consumers, crushing (single-leaf Lá Bồ Đề) MSJ and damaging TTM's goodwill (1AC ¶30).

Taking all of these factual allegations as true and construing them in a light most favorable to the nonmoving party, it is clear that TTM has alleged facts sufficient to state claim for relief that is plausible on its face. As is demonstrated herein, the complaint sufficiently alleged facts with pictures showing the exact copying of the Distinctive Lá Bồ Đề Mark right down to the shape of the leaves and veins – clearly entitling PLAINTIFF to put on a trial.

MOVANT presents matters outside the pleadings – trying to raise the factual issue of estoppel based on attorney argument in a decade old mediation. On this motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. PLAINTIFF must be given a reasonable opportunity to present all the material that is pertinent to the motion – and with the Declaration of Washington provides the explanation and assignment showing standing an an ability to add Binh Tay as Plaintiff – all things repeatedly explained to Movant who just filed a few pleading attacks and subbed out.

## IV. IF THIS COURT BELIEVES THAT PLAINTIFF HAS NOT ADEQUATELY STATED FACTS CONSTITUTING INFRINGEMENT

**AND UNFAIR TRADE PRACTICES, PLAINTIFF REQUESTS LEAVE TO AMEND.**

If this Court believes plaintiff has failed to adequately allege facts to show infringement and unfair business practices, it requests leave to amend the complaint. Great liberality should be exercised in permitting a plaintiff to amend. *Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598, 32 Fed. R. Serv. 2d 1272 (5th Cir. 1981)* (leave to amend should be liberally given unless there is good cause to deny it); *Hudson v. McHugh, 148 F.3d 859, 864 (7th Cir. 1998)* (trial court should have allowed the plaintiff an opportunity to amend the complaint). If this Court is inclined to grant the defendant's motion, plaintiff should be permitted to amend itscomplaint to state facts that clearly show that she is entitled to relief, especially where the plaintiff's Amendment was to respond to the error of citing an earlier and abandoned mark thus the substantive allegations have not been before the court.

**V. CONCLUSION**

Based on the foregoing, plaintiff respectfully requests that this Court deny the defendant's motion to dismiss for failure to state a claim, withdraw the 6th cause of action for dilution and order Movant to answer plaintiff's complaint within ten (10) days from the date of this hearing, or in the alternative, grant plaintiff leave to file a 2nd Amended Complaint.

**RESPECTFULLY SUBMITTED,**

DATED: Nov 15, 2024    **LAW OFFICE OF DALE E. WASHINGTON**

By: _Dale Washington_ _____

**DALE E. WASHINGTON**
**Attorneys for Plaintiffs**

CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I electronically filed the foregoing opposition to motion to dismiss with the clerk of court for the U.S. District Court, Central District of California, using the electronic case filing system of the court.

I hereby certify that on the date shown below, I caused the foregoing document to be served by the Court's Electronic Filing System and via electronic mail to:

Natalie Z. Fournier;

MURPHY PEARSON BRADLEY & FEENEY

550 S Hope St., Suite 2170

Los Angeles, CA 90071

nfournier@mpbf.com

**XXX FEDERAL**: I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on Nov 15, 2024 under penalty of perjury      *Dale Washington*
                                                        _____
                                                        Dale E. Washington
                                                        Declarant